1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DENNIS EVERETT WILLIAMS,

11              Petitioner,              No. CIV S-04-2428 MCE DAD P

12       vs.

13  MARK SHEPERD, et al.[1],            ORDER AND

14              Respondents.            FINDINGS AND RECOMMENDATIONS

15  _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17  corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondents' motion to dismiss the

18  petition both because it was untimely filed beyond the one-year statute of limitations and due to

19  petitioner's failure to exhaust available state remedies.  Petitioner has filed his opposition to the

20  motion and respondents have filed a reply.  For the reasons set forth below, the court will

21  recommend that respondents' motion be granted and that the petition be dismissed as untimely.

22  /////

23  /////

24

25       [1]  Petitioner named Warden M. Knowles as a respondent in this action; however, counsel
    has indicated that the current warden at Folsom State Prison is Mark Sheperd.  The court will
26  grant respondents' request that Mark Sheperd be substituted for M. Knowles.

STATUTORY PROVISIONS

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 101 of the AEDPA amended 28 U.S.C. § 2244 by adding the following:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  The one year statute of limitations under the AEDPA begins to run from the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

/////

/////

/////

PROCEDURAL HISTORY

The record reflects the following chronology:

1.  In December of 2001, petitioner pled guilty to two counts of violating California Penal Code § 288(a), lewd and lascivious acts upon a child under fourteen. On January 18, 2002, petitioner was sentenced to serve concurrent state prison terms of six years. (Resp'ts' Doc. 1, lodged 1-14-05.)

2.  Petitioner did not appeal his conviction. Therefore, his judgment became final on March 19, 2002, when the sixty-day time period for filing his appeal expired. See Cal. Rule of Court 30.1(a) (60-day deadline for filing appeal); see also Cal. Penal Code § 1237.5 (no appeal may be taken on a conviction based on a guilty plea, unless defendant files a written statement showing reasonable constitutional grounds as to the legality of the proceedings, and defendant obtains a certificate of probable cause from the trial court).

3.  The one-year statute of limitations expired on March 20, 2003.

4.  On October 21, 2003, petitioner filed a habeas petition with the Sacramento County Superior Court, case number 03F09239. The proof of service indicates that the petition was placed in the Avenal State Prison mailbox on September 8, 2003. The petition was denied as untimely on November 12, 2003.

5.  On February 3, 2004, petitioner filed a habeas petition with the California Court of Appeal for the Third Appellate District.[2] The petition was summarily denied on February 5, 2004, without comment.

6.  On April 21, 2004, petitioner filed a habeas petition with the California Supreme Court. The petition was denied on May 12, 2005 with citations to In re Swain, 34 Cal. 2d 300, 304 (1949) and People v. Duvall, 9 Cal. 4th 464, 474 (1995).

---

[2]  On February 3, 2004, petitioner filed another habeas petition with the Sacramento County Superior Court concerning his efforts to obtain food substitutes for his religious dietary needs. That action does not pertain to petitioner's criminal conviction and has no relevance to the pending motion.

1    7.  Petitioner filed his pending federal habeas petition on November 15, 2004.

2                                    ANALYSIS

3    Petitioner does not dispute the above chronology.  Thus, the court finds that

4    petitioner's judgment became final on March 19, 2002.  The one year statute of limitations began

5    to run on March 20, 2002 and expired on March 20, 2003.  Although petitioner filed state

6    petitions, there was no statutory tolling of the statute of limitations because petitioner's first state

7    habeas petition was filed after the statute of limitations had already expired.  See Ferguson v.

8    Palmateer, 321 F.3d 820, 823 (9th Cir.) ("[W]e hold that section 2244(d) does not permit the

9    reinitiation of the limitations period that has ended before the state petition was filed."), cert.

10   denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (determining

11   that statutory tolling does not apply when the petitioner's state habeas petition is filed after the

12   federal statute of limitations has expired), cert. denied, 538 U.S. 949 (2003).

13   Therefore, petitioner's federal petition is untimely unless the state imposed an

14   impediment to the filing of a timely application (28 U.S.C. § 2244(d)(1)(B)), or unless petitioner

15   is entitled to equitable tolling.  Petitioner provides the following reasons for the delay in filing

16   his federal habeas petition.  First, petitioner argues that his trial attorney, C. Emmett Mahle,

17   failed to file an appeal, even after petitioner wrote Mr. Mahle five letters between February 14,

18   2002 and March 6, 2002.  (Pl.'s Opp'n[3], at 1-2.)  Petitioner contends that in three letters written

19   around March 21, 2002, he requested "a complete copy of my entire case[,]" but petitioner

20   received no reply from Mr. Mahle.[4]  (Id. at 2.)  Second, petitioner argues that his prison job

21   assignments as a porter and a lead plumber at Avenal State Prison limited his ability to do legal

22   research.  (Id.)  In addition, he asserts that the law library at Avenal State Prison was used by

---

23

24   [3] Plaintiff's opposition is titled, "Motion In Opposition Of Motion To Dismiss," and was filed on April 19, 2005.

25   [4] In his habeas petition, petitioner contends that in February or March of 2004, he finally
26   received his case file from the Sheila Ramos of the Sacramento County Public Defender's Office.
     (Petition, Attach. Decl. at 6.)

4

inmates from six facilities, including a large number of inmates serving life sentences who had

priority over other inmates such as petitioner.  (Id.)  Third, petitioner contends that he was never

informed by his trial counsel or other public defenders regarding the statute of limitations for the

filing of a habeas action. (Id.)  Petitioner asserts that "it took some time [to] acquire some

knowledge of the 'Legal Language' on how to respond to the courts in the manner which would

permit me to be heard and receive the proper response . . . ."  (Id.)  Fourth, petitioner contends

that there were continuous lock-downs, melees and some escapes at the prison where he was

confined which prevented him from filing a timely petition.  (Id.)  Fifth, petitioner contends that

he had difficulty obtaining legal assistance from jailhouse lawyers because he could not reveal

the nature of his offense.  (Id. at 2-3.)  Petitioner represents that he was finally able to obtain

some legal assistance from "lifers," but was "mislead" by their advice.  (Id. at 3.)

Petitioner has not argued that the state imposed an impediment that delayed the

filing of his petition.  Therefore, the court will consider only the question of whether petitioner is

entitled to equitable tolling.  In that regard, § 2244(d) is a statute of limitations subject to

equitable tolling where extraordinary circumstances beyond a prisoner's control make it

impossible to file a timely petition and the extraordinary circumstances were the cause of the

untimeliness.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003); Miranda v. Castro, 292 F.3d

1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002); Corjasso v. Ayers, 278 F.3d 874, 877-

78 (9th Cir. 2002); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th

Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly),

163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).  Petitioner bears the

burden of showing that extraordinary circumstances were the cause of his untimely filing.  See

Miranda, 292 F.3d at 1065.  Equitable tolling is not routinely available in habeas corpus cases

because district courts are expected to "take seriously Congress's desire to accelerate the federal

habeas process."  Beeler, 128 F.3d at 1288-89.  See also Miranda, 292 F.3d at 1066.  Moreover,

/////

1    tolling of the AEDPA statute of limitations due to extraordinary circumstances is available only

2    where the petitioner has diligently pursued his claims.  See Beeler, 128 F.3d at 1289.

3            Petitioner's allegations that his trial attorney failed to assist in petitioner's

4    attempts to seek review of his conviction do not rise to the level of extraordinary circumstances

5    justifying equitable tolling.  See Miranda, 292 F.3d at 1067-68 (an attorney's negligence or

6    inadvertence does not provide grounds for applying equitable tolling); Frye v. Hickman, 273 F.3d

7    1144, 1146 (9th Cir. 2001) ("[counsel's] negligence in general do[es] not constitute extraordinary

8    circumstances sufficient to warrant equitable tolling.").[5]  Petitioner focuses on the fact that his

9    trial counsel did not file an appeal on his behalf from the judgment of conviction.  He asserts that

10   he wrote five letters to his appointed trial attorney within the two months following his

11   sentencing.  However, petitioner took no further action seeking review of his claims for a year

12   and a half thereafter.  Under these circumstances petitioner has not demonstrated that he acted

13   diligently in filing his habeas petition.  See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir.)

14   (affirming denial of equitable tolling where petitioner allowed eight months to pass before filing

15   federal petition), cert. denied, 540 U.S. 974 (2003).

16           Petitioner's claim that he needed to obtain his case file from his attorney is also

17   unpersuasive.  Respondents argue that the claims petitioner presents in his federal habeas are

18   based on facts that petitioner was aware of and that petitioner did not need the entire state court

19   record to assert his federal habeas claims.  The court agrees.  Petitioner sets forth the following

20   three claims in his federal petition:  (1) petitioner's trial counsel was ineffective because he failed

21   to develop and investigate petitioner's case; (2) petitioner's guilty pleas were "coerced" by his

22   attorney because petitioner was misled by the attorney who he believed was acting in his best

23   interest; and (3) petitioner's guilty pleas were not entered knowingly and voluntarily because his

24

25        [5]  In addition, because petitioner had no right to the assistance of appointed counsel
     during post-conviction proceedings, he did not have the right to that attorney's effective
     assistance either. See Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir.), cert. denied, 537 U.S.
26   1003 (2002).

1   trial counsel was providing him information while he was "mentally, emotionally and physically

2   debilitated with the weight of the case against me." (Petition at 5-6.) In his declaration,

3   petitioner states: "I believe that it was'nt [sic] until I recieved [sic] my case that I was able to

4   thoroghly [sic] reread the case in its entirity [sic] and formulate the information correctly to seek

5   complete 'Relief' from the courts because of the many violations of due process & violations of

6   my U.S. Constitutional Rights. [T]hings have become much clear [sic] on where who [sic]

7   intentionally, willingly and purposely made many mistakes in my case." (Petition, Attach. Decl.

8   at 9.) Petitioner has not met his burden of demonstrating that without his entire case file, he was

9   unable to proceed with seeking post-conviction relief.[6]

10          Next, petitioner claims that his prison jobs prevented him from having time to

11   conduct legal research. This claim is similar to petitioner's fourth claim concerning the

12   continuous lock-downs which allegedly prevented him from obtaining access to the prison law

13   library. Respondents point out that based on petitioner's time logs, which are attached to

14   petitioner's opposition[7], petitioner had time before or after work and on days off, to use the law

15   library. (Resp'ts' Reply.) Again, petitioner has not met his burden of demonstrating that his

16   prison job assignments and institutional lock-downs made it impossible for him to file his habeas

17   petition in a timely manner. See Frye, 273 F.3d at 1146 (recognizing that the lack of access to

18   library material does not automatically qualify as grounds for equitable tolling).

19          Lastly, the court considers petitioner's arguments that he was unaware that there

20   was a statute of limitations and that he was unable to obtain legal assistance from jailhouse

21   lawyers. Petitioner's lack of knowledge of the statute of limitations and limited legal assistance

22   are not circumstances which compel equitable tolling. See Donovan v. Maine, 276 F.3d 87 (1st

23

24          [6] To the extent petitioner refers to public documents in the state court file he has failed to
    demonstrate that he was unable to obtain such records from the court himself.

25

26          [7] The time logs are marked as Exhibit B2, consisting of 17 pages and attached to
    petitioner's opposition to the motion to dismiss.

Cir. 2002) ("The petitioner's assertion that his pro se status somehow entitled him to equitable tolling is wide of the mark.  While pro se pleadings are to be liberally construed, the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time.") (citation omitted); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that ignorance of the law and petitioner's reliance on inmate law clerk to draft the state petition does not relieve petitioner from his personal responsibility to comply with the law); Felder v. Johnson, 204 F.3d 168 (5th Cir. 2000) (holding that mere ignorance of the law does not justify equitable tolling); Oetting v. Henry, No. CIV S-04-1180 MCE KJM P, 2005 WL 1555941 (E.D. Cal. Jun. 24, 2005) ("Neither the inmate's ignorance of the law nor pro se status are the sort of extraordinary events upon which a finding of equitable tolling may be based."); Meiggs v. Pinkens, No. C 99-3638 EDL (PR), 2000 WL 101245, at *3 (N.D. Cal. Jan. 20, 2000) ("Ignorance of the deadline -- whether on the part of the petitioner herself or due to the petitioner's attorney's negligence -- does not merit equitable tolling for the delay caused by such ignorance.").  Thus, respondents' motion to dismiss the habeas petition as untimely should be granted.

Accordingly, IT IS HEREBY ORDERED that Warden Mark Sheperd of Folsom State Prison be substituted for M. Knowles as a respondent in this action.  The Clerk of the Court is directed to modify the court's docket to reflect this substitution.

Also, IT IS HEREBY RECOMMENDED that:

1.  Respondents' January 14, 2005 motion to dismiss be granted; and

2.  This action be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1   shall be served and filed within five days after service of the objections.  The parties are advised

2   that failure to file objections within the specified time may waive the right to appeal the District

3   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   DATED: August 1, 2005.

5

6                                                                    DALE A. DROZD
                                                                     UNITED STATES MAGISTRATE JUDGE
7   DAD:4
    will2428.mtd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26